## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### *Miami Division*

| | |
|---|---|
| **IN RE:** | **Case No. 10-32694-BKC-LMI** |
| **TACTICAL AIR DEFENSE SERVICES, INC.,** | **Chapter 7 Involuntary** |
| **Debtor.** | |

## EMERGENCY MOTION OF ALLEGED DEBTOR TO
## DISMISS INVOLUNTARY PETITION

TACTICAL AIR DEFENSE SERVICES, INC. ("TADS"), the Alleged Debtor herein, respectfully moves this Honorable Court on an emergency basis for dismissal of the involuntary petition improvidently filed against it by AIR-1 FLIGHT SUPPORT, INC. ("AIR-1"), NORTH AMERICAN TACTICAL AVIATION, INC. ("NATA"), and LAWRENCE SCHARFMAN, CPA ("SCHARFMAN"). In support thereof, TADS would respectfully submit the following:

> ### Reason for the Exigency
>
> TADS is a publicly-owned corporation, with over 2,000 shareholders. As such, it is required to adhere to the requirements of the Securities laws. If it is unable to obtain the immediate dismissal of this bogus involuntary chapter 7 filing within the next three (3) days, it will be required to file an 8K with the Securities and Exchange Commission and to report the open issue. This will have a devastating effect on the company, as TADS is in the final steps of negotiating an acquisition and merger with a privately held company, the completion of which is very material and critical to the future success, business operations and shareholder value of over 2,000 of the company's shareholders. This critical transaction will effectively be ruined in the event the existence of the second involuntary bankruptcy petition must be broadly disseminated. Upon information and belief TADS believes this is exactly the effect intended by the instigator, MARK DANIELS, who is a former CEO of TADS, forced to resign in November 2009 by reason of his self dealing, usurpation of corporate opportunities and misappropriation of funds.
>
> In the first involuntary case, DANIELS himself filed the petition as a single creditor; the Court dismissed it with prejudice to a subsequent filing by DANIELS or his insiders or affiliates. This time, two of the three petitioning creditors are DANIELS' insiders or were his insiders when the Dismissal Order was entered.

1.     The above-styled Chapter 7 Involuntary Petition was filed against the alleged Debtor, TADS, on August 3, 2010.

Case No. 10-32694-BKC-LMI

2.      This is the second Chapter 7 involuntary petition filed against the ALLEGED

DEBTOR in the past three (3) months.

3.      On May 7, 2010, a Chapter 7 Involuntary Petition, Case No. 10-22515-BKC-PGH,

was filed against TADS. The case was assigned to Judge Hyman in the West Palm Beach Division.

4.      On or about May 14, 2010, Judge Hyman dismissed the May 7th involuntary petition

(D.E. # 18) for the following reasons:

        a.      The petition had only one petitioning creditor, DANIELS; and

        b.      DANIELS' claim was the subject to a *bona fide* dispute by TADS.

5.      Furthermore, the Court included the following language in the Order dismissing the

May 7th involuntary petition (DE #18):

> ORDERED, that the Involuntary Petition (CP #1) filed by DANIELS
> against TACTICAL AIR DEFENSE SERVICES, INC., the Alleged
> Debtor, be and it is hereby DISMISSED with prejudice to any
> subsequent involuntary petition by DANIELS, or any insider or
> affiliate of DANIELS (as those terms are defined in the Code), with
> each side to bear its own attorney's fees and costs.

Also, according to the same Order at paragraph "c," the Court explained that the parties had

appeared before it and had stipulated to the following:

> ( c) the Court should enter an Order dismissing Daniels' involuntary
> petition, with prejudice to any subsequent involuntary petition by
> Daniels, or any insider or affiliate of Daniels (as those terms are
> defined in Code); moreover, Daniels agrees not to pursue any efforts
> or to take any actions to solicit, recruit, encourage or cause any other
> alleged creditor of TADS to file an involuntary petition against
> TADS.

6.      The current involuntary petition lists three petitioning creditors:

        a.      AIR-1 FLIGHT SUPPORT, INC. ("AIR-1");

        b.      NORTH AMERICAN TACTICAL AVIATION, INC. ("NATA"); and

        c.      LAWRENCE SCHARFMAN, CPA ("SCHARFMAN").

2

7.      Upon information and belief, DANIELS solicited, recruited, encouraged and/or caused the August 3rd involuntary petition to be filed by the petitioning creditors in direct violation of the Judge Hyman's Order of May 14, 2010.

8.      Upon information and belief, DANIELS, the petitioning creditor in the May 7th involuntary petition, is an insider and/or affiliate of both of the corporate petitioning creditors of the August 3rd involuntary petition.

9.      Moreover, the claims SCHARFMAN and NATA are both subject *bona fide* dispute as more specifically set forth below.

10.      In the case of AIR-1, on May 14, 2010, the date of the Stipulation and Judge Hyman's Order, AIR-1 was a Florida corporation whose original incorporator was DANIELS; its Registered Agent and Vice President were listed with the Secretary of State, pursuant to its most recent annual report, to be DANIELS.

11.      On May 19, 2010, just five (5) days after the Stipulation and entry of Judge Hyman's Order, AIR-1 amended its filing with the Secretary of State to remove DANIELS as an officer and as registered agent. See Exhibits "A" and "B" ‹ www.sunbiz.org› printout in re AIR-1, and in May 19, 2010 amended filing in re AIR-1.

13.      AIR-1 was without doubt an insider of DANIELS, being a corporation of which he was an officer, at the time Judge Hyman entered his Order prohibiting DANIELS' insiders from filing involuntary petitions against TADS.   DANIELS' subsequent removal does not change that result, but simply demonstrates DANIELS' efforts to manipulate the facts and his refusal to abide by his stipulated Order of Dismissal.

14.      The next alleged creditor is SCHARFMAN. He is a former auditor of TADS. TADS being a public company, its auditors have to be properly qualified.  In 2009, TADS received notice

from the Securities & Exchange Commission that SCHARFMAN's Certification to audit public companies had been revoked and therefore any audits performed by SCHARFMAN which formed the basis of TADS' public filings would have to be redone. See Composite Exhibit "C." SCHARFMAN was discharged promptly. See Exhibit Composite Exhibit "C". Thus, TADS has a dispute with SCHARFMAN with respect to what, if anything it might owe him or whether SCHARFMAN owes TADS a refund. Upon information and belief, SCHARFMAN was recruited by DANIELS to participate as a petitioning creditor.

15.    The third petitioning creditor, NATA, is disqualified on both grounds; first, by reason of the fact that it has never presented a claim against TADS for anything until this involuntary filing; and second, by reason of the fact that NATA is an insider with respect to DANIELS.

16.    NATA is a Delaware corporation whose officers, according to the Delaware Secretary of State are ALEXANDER GLOVATAKI ("GLOVATAKI") and DWIGHT BARNELL ("BARNELL.") See Also Exhibit "D", email from DWIGHT BARNELL confirming that GLOVATAKI is vice president and director of NATA.

17.    Research through the Secretary of State of Florida at ‹ www.sunbiz.org› shows that DANIELS and BARNELL are both officers of a Florida company called NORTECH AEROSPACE, INC. ("NORTECH"), in located in Jupiter, Florida. This makes DANIELS an insider in respect of BARNELL and NORTECH, and derivatively an insider of NATA.

18.    Moreover, NATA's alleged claim is subject to *bona fide* dispute. NATA has never made a claim against TADS. There is no lawsuit; no demand letter; no negotiation.

19.    In short, of the three petitioning creditors, AIR-1 and NATA are insiders. SCHARFMAN and NATA are both subject to *bona fide* dispute. DANIELS' Stipulation before Judge Hyman, and Judge Hyman's Order bar all three of the petitioning creditors. Even if it did not,

4

two of the three are subject to *bona fide* dispute, while the other is a direct insider.

## CONCLUSION

For the foregoing reasons, none of the three petitioning creditors is qualified to be a petitioning creditor and accordingly, this serial involuntary petition should be dismissed with prejudice, and costs, fees, damages, and exemplary damages should be assessed not only the petitioning creditors, but against their puppet master, MARK DANIELS.

Respectfully submitted,

Ronald G. Neiwirth
Fla. Bar No. 152175
Email: rneiwirth@fowler-white.com
Jonathan B. Butler
Fla. Bar No. 56197
Email: jbb@fowler-white.com

FOWLER WHITE BURNETT P.A.
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida 33131-3302
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

Case No. 10-32694-BKC-LMI

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of August 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


/s/ Ronald G. Neiwirth
Ronald G. Neiwirth


## SERVICE LIST

Mario D. German, Esq.
55 N.E. 5th Avenue
Suite 501
Boca Raton, FL 33432
    mdgbjcnotices@gmail.com


Office of the U.S. Trustee
51 S.W. First Avenue
Suite 1204
Miami, FL 33130

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131-3302 • (305) 789-9200

# Electronic Articles of Incorporation
# For

P09000002666
FILED
January 09, 2009
Sec. Of State
jshivers

AIR-1 FLIGHT SUPPORT INC

The undersigned incorporator, for the purpose of forming a Florida
profit corporation, hereby adopts the following Articles of Incorporation:

## Article I

The name of the corporation is:

AIR-1 FLIGHT SUPPORT INC

## Article II

The principal place of business address:

4521 PGA BLVD
SUITE 350
PALM BEACH GARDENS, FL.  33418

The mailing address of the corporation is:

4521 PGA BLVD
SUITE 350
PALM BEACH GARDENS, FL.  33418

## Article III

The purpose for which this corporation is organized is:

ANY AND ALL LAWFUL BUSINESS.

## Article IV

The number of shares the corporation is authorized to issue is:

1000

## Article V

The name and Florida street address of the registered agent is:

MARK  DANIELS
4521 PGA BLVD
SUITE 350
PALM BEACH GARDENS, FL.  33418



EXHIBIT

*A*

I certify that I am familiar with and accept the responsibilities of registered agent.

**P09000002666**
**FILED**
**January 09, 2009**
**Sec. Of State**
**jshivers**

Registered Agent Signature:   MARK DANIELS

## Article VI

The name and address of the incorporator is:

MARK DANIELS
4521 PGA BLVD
SUITE 350
PALM BEACH GARDENS, FL. 33418

Incorporator Signature:   MARK DANIELS

## Article VII

The initial officer(s) and/or director(s) of the corporation is/are:

Title:  P
VICTOR  MILLER
4521 PGA BLVD #350
PALM BEACH GARDENS, FL.   33418

Title:  VP
MARK  DANIELS
4521 PGA BLVD #350
PALM BEACH GARDENS, FL.   33418

## Article VIII

The effective date for this corporation shall be:

01/09/2009

# 2010 FOR PROFIT CORPORATION ANNUAL REPORT

**FILED**
**May 19, 2010**
**Secretary of State**

DOCUMENT# P09000002666

**Entity Name:** AIR-1 FLIGHT SUPPORT INC

| **Current Principal Place of Business:** | **New Principal Place of Business:** |
|---|---|
| 4521 PGA BLVD<br>SUITE 350<br>PALM BEACH GARDENS, FL 33418 | 5030 CHAMPION BLVD<br>BOCA RATON, FL 33496 |

| **Current Mailing Address:** | **New Mailing Address:** |
|---|---|
| 4521 PGA BLVD<br>SUITE 350<br>PALM BEACH GARDENS, FL 33418 | 5030 CHAMPION BLVD<br>BOCA RATON, FL 33496 |

**FEI Number:**      FEI Number Applied For ( )      FEI Number Not Applicable (X)      Certificate of Status Desired ( )

| **Name and Address of Current Registered Agent:** | **Name and Address of New Registered Agent:** |
|---|---|
| DANIELS, MARK<br>4521 PGA BLVD<br>SUITE 350<br>PALM BEACH GARDENS, FL 33418  US | MILLER, VICTOR<br>5030 CHAMPION BLVD<br>BOCA RATON, FL 33496      US |

The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.

SIGNATURE:   VICTOR MILLER _____   05/19/2010
            Electronic Signature of Registered Agent                        Date

In accordance with s. 607.193(2)(b), F.S., the corporation did not receive the prior notice.
Election Campaign Financing Trust Fund Contribution ( ).

## OFFICERS AND DIRECTORS:

| Title: | P |
|---|---|
| Name: | MILLER, VICTOR |
| Address: | 5030 CHAMPION BLVD |
| City-St-Zip: | BOCA RATON, FL 33496 |

| Title: | SEC |
|---|---|
| Name: | MILLER, VICTOR |
| Address: | 5030 CHAMPION BLVD |
| City-St-Zip: | BOCA RATON, FL 33496 |

I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 607, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.

SIGNATURE:   VICTOR MILLER _____ P _____ 05/19/2010
            Electronic Signature of Signing Officer or Director                Date



**EXHIBIT**

_B_

# UNITED STATES
## SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, D.C. 20549



## FACSIMILE TRANSMITTAL

**PLEASE DELIVER THE FOLLOWING PAGES TO:**

**Name:**   **Mr. Mark Daniels**
**President and Chairman**

**Organization:** Tactical Air Defense Services, Inc.

**Fax Number:** 202-330-5636

**Total Number of Pages, Including Cover Sheet:   2**

**Date:**   **August 14, 2009**

**FROM:**   Joe Cascarano
Staff Accountant,
Division of Corporation Finance
Telephone Number. (202) 551-3351
Telecopier Number: (202) 772-9205

**Comments:**

*If you do not receive all pages, please telephone the above number for assistance.*

**NOTE:**   THIS DOCUMENT MAY CONTAIN PRIVILEGED AND NONPUBLIC INFORMATION. IT IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE, AND OTHERS WHO SPECIFICALLY HAVE BEEN AUTHORIZED TO RECEIVE IT. If you are not the intended recipient of this facsimile, or the agent responsible for delivering it to the intended recipient, you hereby are notified that any review, dissemination, distribution, or copying of this communication strictly is prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original to the above address by regular postal service without making a copy. Thank you for your cooperation.





**UNITED STATES**
## SECURITIES AND EXCHANGE COMMISSION
**WASHINGTON, D.C. 20549**

DIVISION OF
CORPORATION FINANCE

Mail Stop 3720

August 14, 2009

**Via U.S. Mail and Fax**
Mark Daniels
President and Chairman
Tactical Air Defense Services, Inc.
1515 Perimeter Rd
West Palm Beach, FL 33406

Dear Mr. Daniels,

   Your most recent filing on Form 10-K includes financial statements audited by Lawrence Scharfman CPA PA ("Scharfman"). On August 11, 2009, the Public Company Accounting Oversight Board ("PCAOB") revoked the registration of Scharfman because of deficiencies in the conduct of certain of its audits and its procedures. You can find a copy of the order at http://www.pcaobus.org/Enforcement/Disciplinary_Proceedings/2009/08-11_Scharfman.pdf

   As Scharfman is no longer registered with the PCAOB, you may not include its audit reports or consents in your future filings with the Commission. If Scharfman audited a year that you are required to include in your filings with the Commission, you should have a firm that is registered with the PCAOB re-audit that year.

   In providing the information that Item 304 of Regulation S-K requires, please indicate that the PCAOB has revoked the registration of your prior auditor Scharfman. While this situation is not specifically described in the Item 304 disclosure requirements, we believe it is material information that should be disclosed. If you previously explained the registration revocation in your Item 4.01 Form 8-K, you do not need to repeat this disclosure in your Form 10-K.

   Please advise us as to how you intend to address this matter by no later than August 28, 2009. If you have any questions, I can be reached at 202-551-3835.

Sincerely,

*Robert A. Littlepage Jr.*

for  Carlos Pacho
Senior Assistant Chief Accountant

| Filer: | Form Type: 8-K/A | Period: | Job Number: | Rev: | Sequence: |
|--------|------------------|---------|-------------|------|-----------|
| Submission: | Document Name: t66589_8ka.htm | | Saved: | Printed: | Created using EDGARizerAgent |
| | Description: Form 8-K Amendment No. 2 | | | | |

**U.S. SECURITIES AND EXCHANGE COMMISSION**
Washington, D.C. 20549

**FORM 8-K**
Amendment Number 2

CURRENT REPORT PURSUANT TO SECTION 13 OR 15(d)
OF THE SECURITIES EXCHANGE ACT OF 1934

Date of Report (Date of earliest event reported): November 5, 2009 (August 15, 2009, October 9 & 20, 2009)

**Tactical Air Defense Services, Inc.**
**(Exact name of registrant as specified in charter)**

| Nevada | 333-79405 | 88-0455809 |
|--------|-----------|------------|
| (State or jurisdiction of incorporation or organization) | (Commission File Number) | (I.R.S. Employer Identification No.) |

**1515 Perimeter Rd.**
**West Palm Beach, FL**
**33406**
**(561) 398-8196**
(Address and telephone number of Registrant's principal
executive offices and principal place of business)

Check the appropriate box below if the Form 8-K is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions (*see* General Instruction A.2 below):

☐ Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)

☐ Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR 240.14a-12)

☐ Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b))

☐ Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c))

| Filer: | Form Type: 8-K/A | Period: | Job Number: | Rev: | Sequence: |
|---|---|---|---|---|---|
| Submission: | Document Name: f66589_8ka.htm | | Saved: | Printed: | |
| | Description: Form 8-K Amendment No. 2 | | | | Created using EDGARizerAgent |

The purpose of this current report on Form 8-K is to report a change in the Company's auditors, and is an amendment to Form 8-K filed on October 9, 2009 and the Form 8-K filed on October 20, 2009.

ITEM 4.01 Changes in Registrant's Certifying Accountant

We understand that on August 11, 2009, Lawrence Scharfman, CPA's registration with the Public Companies Accounting Oversight Board, (PCAOB), was revoked by the PCAOB.

On August 15, 2009, Lawrence Scharfman, CPA was dismissed as the Company's Independent Auditor.

The Independent Auditor's report on the financial statements for either of the past two years did not contain an adverse opinion or a disclaimer of opinion, or was not qualified or modified as to uncertainty, audit scope, or accounting principles.

The decision to change Independent auditor was approved by the board of directors of the Company.

During the registrant's two most recent fiscal years and any subsequent interim period preceding such dismissal there were no disagreements with the former Independent Auditor on any matter of accounting principles or practices, financial statement disclosure, or auditing scope or procedure, which disagreement(s), if not resolved to the satisfaction of the former Independent Auditor, would have caused it to make reference to the subject matter of the disagreement(s) in connection with its report.

During the registrant's two most recent fiscal years preceding the dismissal, the Company's Independent Auditor discovered conditions which it deemed to be a material weakness in the Company's internal control related to financial reporting. Our Principal Executive Officer and Principal Financial Officer believe that the lack of a full time chief financial officer has been instrumental in leading to delays in the Company's filings and in the prompt gathering and analysis of financial information. Management believes that hiring a full time chief financial officer is crucial to maintaining the integrity of its financial information and reports and intends to do so as funds permit. There were no disagreements with the Company's former Independent Auditor on any matter of accounting principles or practices, financial statement disclosure, or auditing scope or procedure, of the type discussed in Item 304(a)(v) of Regulation S-K.

On August 15, 2009, the Company retained Larry O'Donnell, CPA, PC as the Company's Independent Auditor.

During the Registrant's two most recent fiscal years or any subsequent interim period prior to engaging Larry O'Donnell, CPA, PC, the Company, or someone on the Company's behalf, had not consulted Larry O'Donnell, CPA, PC regarding any of the accounting or auditing concerns stated in Item 304(a)(2) of Regulation S-K.

On October 20, 2009, the Company provided Lawrence Scharfman, CPA with a copy of this disclosure and requested that it furnish a letter to the Company, addressed to the SEC, stating that it agreed with the statements made herein or the reasons why it disagreed., which letter from Lawrence Scharfman, CPA is attached hereto.

## SIGNATURES

Pursuant to the requirements of the Securities Exchange Act of 1934, the registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

Tactical Air Defense Services, Inc

Dated: November 5, 2009

By: /s/Alexis Korybut
Name: Alexis Korybut
Title: Chief Financial Officer

| Filer: | Form Type: 8-K/A | Period: | Job Number: | Rev: | Sequence: |
|---|---|---|---|---|---|
| Submission: | Document Name: corresp.htm | | Saved: | Printed: | |
| | Description: CORRESP | | | | Created using EDGARizerAgent |

October 21, 2009

Securities and Exhange Commission
100 F Street, N.E.
Washington, D.C. 20549-7561

Dear Sirs/Madams:

We have read Item 4.01 of Tactical Air Defense Services Inc.'s Current report on FORM 8-K dated October 20, 2009 and are in agreement with the disclosure therein, insofar as they pertain to our firm, Lawrence Scharfman & Co CPA PA.

Respectfully submitted,

Lawrence Scharfman & Co CPAPA

## Myriam L. Famada

| | |
|---|---|
| **From:** | Alexis Korybut <alexis@korybut.com> |
| **Sent:** | Friday, August 06, 2010 3:29 PM |
| **To:** | Myriam L. Famada |
| **Subject:** | FW: Alex Baranov AKA: Alexander Glovataki |

From Dwight Barnell

------ Forwarded Message
**From:** "North American Tactical Aviation, Inc." <northamericantactical@gmail.com>
**Date:** Fri, 6 Aug 2010 14:25:31 -0500
**To:** Gary Fears <gfearless@gmail.com>, Alexis Korybut <alexis@korybut.com>, Rene Ferrer
<reneferr@gmail.com>
**Subject:** Alex Baranov AKA: Alexander Glovataki

To Whom it May Concern:

Alex Baranov has legally changed his family name to Alexander Glovataki.

Alex is the Vice President and Treasurer and Director of North American Tactical Aviation, Inc.

Alex Baranov
Alexander Glovataki
352 Seventh Street, Unit #3
Jersey City, NJ 07302
201-486-5434

for any quesitons please call me.

Dwight Barnell
President / CEO
North American Tactical Aviation, Inc.

--


Tel: (214) 998-9425

Communication Notice: This E-mail message (including attachments) contains information that is
confidential and exempt from disclosure under applicable law and is covered by the Electronic
Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and may be legally privileged. If you are not the
intended recipient, you are hereby notified that any retention, dissemination, distribution, faxing,
emailing, texting or copying of this communication is strictly prohibited. Please notify us by telephone
(214) 998-9425 or by return e-mail and destroy, delete, the message you have received in error. In the
event that this or any communication, electronic or otherwise, discusses the terms of a contractual or
legally binding relationship. It should be understood as preliminary business discussions and that any final
contract will not become valid or binding upon us unless and until it has been executed in writing and
signed by an authorized representative of the company at it's main office. Thank you.

------ End of Forwarded Message



EXHIBIT

_D_